1  CHRISTOPHER VAN GUNDY (SBN 152359)
   cvangundy@roll.com
2  DANIELLE M. CRIONA (SBN 204074)
   dcriona@roll.com
3  MICHAEL M. VASSEGHI (SBN 210737)
   mvasseghi@roll.com
4  ROLL LAW GROUP PC
   11444 West Olympic Boulevard, 10th Floor
5  Los Angeles, California 90064-1557
   Telephone:  310-966-8400
6  Facsimile:  310-966-8810

7  Attorneys for Plaintiffs
   Paramount Farms International LLC and
8  Cal Pure Pistachios, Inc.

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12

13  PARAMOUNT FARMS                Case No. **CV11- 05501** PA(SSx)
    INTERNATIONAL LLC, a Delaware
    limited liability company, CAL PURE   **COMPLAINT FOR:**
14  PISTACHIOS, INC., a California
    Nonprofit Cooperative Association   **FEDERAL TRADEMARK AND**
15                                        **TRADE DRESS INFRINGEMENT;**

16          Plaintiffs,               **VIOLATION OF THE LANHAM ACT**
                                      **SECTION 43(A);**
17       v.
                                      **FEDERAL TRADEMARK DILUTION;**
18  WALGREEN CO., an Illinois
    corporation, and DOES 1 through 10,   **UNFAIR COMPETITION UNDER**
19  inclusive,                        **CALIFORNIA BUSINESS &**
                                      **PROFESSIONS CODE SECTION**
20          Defendants.              **17200 ET SEQ.;**

21                                    **CALIFORNIA COMMON LAW**
                                      **UNFAIR COMPETITION.**
22
                                      **DEMAND FOR TRIAL BY JURY**
23

24

25

26

27

28

                           COMPLAINT

Plaintiffs Paramount Farms International LLC and Cal Pure Pistachios, Inc., hereby allege as follows:

## PARTIES

1.      Plaintiff Paramount Farms International LLC is a Delaware limited liability company, the owner of the trademarks at issue in this case and the successor in interest to Paramount Farms, Inc., the prior owner of the trademarks.  Paramount Farms, Inc. and its affiliates grow, package, market and distribute the WONDERFUL® brand of pistachio nuts internationally and throughout the United States including in Southern California and the greater Los Angeles area.

2.      Plaintiff Cal Pure Pistachios, Inc. is a California nonprofit cooperative which markets and sells pistachio nuts, including the pistachio nuts sold to Defendant Walgreen Co.

3.      Paramount Farms International LLC and Cal Pure Pistachios, Inc. are collectively referred to herein as "Paramount".

4.      Defendant Walgreen Co. ("Walgreens") is an Illinois corporation, located at 200 Wilmot Road, Deerfield, Illinois 66015.  On information and belief, Paramount alleges that Walgreens is involved in the packaging and distribution of "Walgreens Select Jumbo Pistachios", a Walgreens private label pistachio product, within the United States.

5.      Paramount is not aware of the true names and capacities of the Defendants identified herein as Does 1 through 10, inclusive, and therefore fictitiously names said Defendants.  Paramount will amend this Complaint to allege the true names and capacities of these fictitiously named Defendants when their identities are ascertained.

6.      Paramount is informed and believes, and based thereon alleges, that Defendant Walgreens and each of the fictitiously named Doe Defendants (collectively, "Defendants") were in some manner responsible for the acts alleged herein and the harm, losses and damages suffered by Paramount as alleged hereinafter.  Paramount is also informed and believes, and based thereon alleges, that while participating in such

{053237.1}

acts, each Defendant was the agent, principal, and/or alter ego of the other Defendants, and was acting in the course and scope of such agency and/or acted with the permission, consent, authorization or ratification of the other Defendants.

7.     As described further below, Paramount is informed and believes, and based thereon alleges, that Defendants conduct business and distribute their product in California and within this Court's jurisdiction in Southern California and the greater Los Angeles area.

## JURISDICTION AND VENUE

8.     This action arises, in part, under the Lanham Act, as amended; California Business and Professions Code Section 17200 et seq.; and California common law. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. Section 1121 (trademark claims under the Lanham Act), 28 U.S.C. Section 1331 (federal question), 28 U.S.C. Section 1338 (unfair competition related to trademark claims) and 28 U.S.C. Section 1367 (supplemental jurisdiction).

9.     Paramount is informed and believes, and based thereon alleges, that venue is proper in this District pursuant to 28 U.S.C. Sections 1391(b) and 1391(c) because a substantial part of the events giving rise to the claims occurred in this District. Additionally, Paramount is informed and believes, and based thereon alleges, that the Court has personal jurisdiction over Defendants because Defendants conduct their ordinary business activities in this District, have focused a substantial portion of their unlawful conduct in Los Angeles County within this District, have distributed, and sought to distribute, infringing products in this District, and generally engage in business in this District and the greater Los Angeles area.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### I.    THE WONDERFUL® BRAND

10.     Paramount is the largest pistachio processor and pistachio seller in the world. Paramount grows, harvests, processes, packages, ships, markets, sells, and

/ / /

{053237.1}

distributes pistachio and almond nuts in the United States in connection with its highly distinctive and famous WONDERFUL® brand.

11.    Paramount began growing, processing, selling, and marketing nuts under its WONDERFUL® brand in May 2007.

12.    Consumer demand for nuts has increased in recent years due to the actual and perceived health benefits associated with eating nuts.  To respond to this demand, many brands of nuts have been created and compete for consumer attention and purchase.

13.    Paramount's focus on food safety includes such measures as maintaining a credentialed sanitarian on staff; creating and adhering to a master sanitization schedule including foaming, dry cleaning techniques, and dry ice blasters throughout all facilities; weekly environmental swabbing at more than 600 food contact and non-food contact points; installing and using hand sanitizers and foot baths at all entry points to RTE areas; instituting and maintaining an extensive employee training program with mandatory compliance initiatives; and instituting and maintaining an outreach program inviting university professors, industry food safety experts, technical consultants, and microbiologists to review its food safety procedures.

14.    Paramount's high quality is assured by contracting with an accredited third-party laboratory with on-site testing facilities; a custom-designed Statistical Process Control system featuring automatic rejection of out-of-spec product; and 100% allergen separation between almonds and pistachios.  All facilities are BRC and HACCP-certified through NORD Group, are audited quarterly by the American Council for Food Safety & Quality and Paramount maintains USDA inspectors on-site.

15.    The WONDERFUL® brand pistachio nuts are of superior quality and are brought to consumers using growing, harvesting, processing, and packaging processes which adhere to the strictest and highest quality standards.  Paramount invested more than $100 million to ensure that its processing facilities produce the highest quality, most consistent pistachios anywhere.  For instance, Paramount installed new rotary

{053237.1}

roasters, validated by an industry-certified processing authority, which produce a uniquely consistent roast with even salt coverage.  Paramount's new Buhler-Barth Controlled Condensation Pasteurization system is the world's first application of this proven pasteurization technology for pistachios.  Statistical process control systems harness the power of technology to monitor and control Paramount's state-of-the-art equipment.

16.   The combination of Paramount's use of uniquely designed packaging, a distinct color scheme, varied and colorful fonts, and curved and transparent portions of the packaging, make the trade dress created by Paramount inherently distinctive (the "WONDERFUL® Trade Dress").  The elements of the WONDERFUL® Trade Dress that make it inherently distinctive include the following:

a.    the predominantly black, glossy packaging;

b.    the predominantly rectangular shape of the package;

c.    the curved shape design for a transparent portion of the packaging, the transparency of which allows the product inside the packaging to be viewed by the consumer;

d.    the curved shape design of the black portion which is adjacent to the transparent portion;

e.    the unique green color of the font used for the word "PISTACHIOS";

f.    the thin, sans serif font and all capital letters for the word "PISTACHIOS";

g.    the yellow or gold colored font for verbiage at the top of the package; and

h.    a thin sans serif white font for verbiage immediately above and below the curved portions.  Attached as Exhibit A is a true and correct copy of a photograph of the WONDERFUL® Trade Dress as used in commerce.

17.   The above-referenced elements have been continuously used in interstate commerce (and worldwide) in connection with Paramount's packaged pistachios for several years.  In addition to being inherently distinctive, the combination of the unique

/ / /

{053237.1}

18.   Paramount also uses several trademarks in interstate commerce in connection with its marketing, distribution and sale of pistachios, some of which are registered with the United States Patent and Trademark Office ("USPTO").  One such registered trademark is the WONDERFUL® PISTACHIOS & Design trademark, assigned Registration Number 3,882,294 for the WONDERFUL® brand packaging. Attached as Exhibit B is a true and correct copy of the registration certificate for the WONDERFUL® PISTACHIOS & Design trademark.

19.   Plaintiff PARAMOUNT FARMS INTERNATIONAL LLC has been assigned all right, title and interest to the WONDERFUL® PISTACHIOS & Design Trademark and the WONDERFUL® Trade Dress (collectively, "the WONDERFUL® Marks").  Attached hereto as Exhibit C are printouts of the assignment records of the USPTO reflecting Paramount Farms International LLC's ownership of the WONDERFUL® Marks.

20.   In addition to the actual knowledge Defendants had of the WONDERFUL® Marks by virtue of being one of Paramount's customers, as of October 22, 2009, Defendants had constructive notice of Paramount's rights in its federally registered trademark under 15 U.S.C. Section 1072 which states "Registration of a mark on the principal register provided by this Act or under the Act of March 3, 1981, or the Act of February 20, 1905, shall be constructive notice of the registrant's claim of ownership thereof."

21.   Because nuts are considered a "fast moving" consumer good and because of their wide distribution and relative low cost, consumers are likely to make purchases of pistachio nuts quickly.  For this reason, Paramount spent a considerable sum of money developing the WONDERFUL® Marks and brand.  That investment has thus far paid off as the WONDERFUL® Marks are unique, distinctive and widely recognized as a source-identifier of WONDERFUL® brand pistachios.

22.   The WONDERFUL® Mark is inherently distinctive.  In the alternative, because of Paramount's exclusive and extensive use of the WONDERFUL® Marks, it

{053237.1}

has acquired considerable value and has become extremely well-known to the consuming public as identifying and distinguishing Paramount exclusively and uniquely as the source of products which bear the WONDERFUL® Marks.   Thus, the WONDERFUL® Marks have acquired secondary meaning and acquired distinctiveness.

23.    The WONDERFUL® Marks are used uniformly and consistently in every WONDERFUL® brand product, advertisement, and promotion in commerce in connection with Paramount's pistachios.

24.    Paramount, its distributors, and its distributors' customers, have continuously and exclusively used the WONDERFUL® Marks to distinguish themselves as the source of goods and services in connection therewith.

25.    WONDERFUL® brand pistachios are well-known and famous and Paramount has built up substantial goodwill in connection with the WONDERFUL® brand and the WONDERFUL® Marks.

26.    The WONDERFUL® brand pistachios have been extensively marketed. For instance, in September 2009, Paramount embarked on a highly-publicized series of television commercials on major television networks such as NBC, CBS, ABC, FOX, A&E, Biography, Comedy Central, Discovery, Discovery Science, E!, Food Network, FX, HGTV, IFC, National Geographic, SYFY, TBS, TLC, TNT and ESPN (the "2009 Ad Campaign") in an effort in increase brand awareness for the WONDERFUL® brand of pistachios. Commercials on these channels were shown during prime time slots during highly popular television shows and featured well-known personalities known to consumers, such as Vincent Pastore from *The Sopranos*, Levi Johnston, Lauren Caitlin Upton (aka Miss Teen South Carolina), Jason Acuna aka Wee-Man, and Dara Torres the 2008 Beijing Olympics silver medallist.

27.    In September 2010, Paramount launched its second series of television commercials (the "2010 Ad Campaign"). The 2010 Ad Campaign commercials aired on similar networks, at similar time slots and during similar prime time television shows as the 2009 Ad Campaign and featured well-known personalities such as former Illinois

{053237.1}

governor Rod Blagojevich, television character "Snooki" from the popular reality show *Jersey Shore*, football star Chad Ocho Cinco and comic Lewis Black.

28.    The 2009 and 2010 television Ad Campaigns have resulted in tens of millions of consumer impressions.   The 2010 Ad Campaign alone resulted in approximately 137 million consumer impressions.

29.    Paramount's television commercials have been the subject of numerous television and print stories ranging from stories in the Wall Street Journal and the Washington Post to the Chicago Sun Times and Vanity Fair.

30.    Paramount's television commercials may be viewed on Paramount's website, located at www.getcrackin.com.

31.    To date, Paramount has expended millions of dollars in the United States on the marketing, advertising, sales, and promotion of its WONDERFUL® brand, using the WONDERFUL® Marks as a centrepiece for its marketing, and making it one of the leaders in the nut industry.  Attached hereto as Exhibit D are printouts of photographs showing some of the extensive in-store marketing that Paramount has invested in for the WONDERFUL® brand.

32.    In fact, in 2010 alone, Paramount spent millions of dollars marketing and promoting its WONDERFUL® brand with the WONDERFUL® Marks in the United States.

33.    As a result of Paramount's extensive marketing, sales, and promotional efforts, the WONDERFUL® brand is now the number one selling nut product in the United States and Paramount has sold over 88 million pounds since the brand launched in May 2007.

34.    The success of the WONDERFUL® brand is due to its high quality, taste, and highly distinctive, innovative, and recognizable brand which consumers have come to know as a result of Paramount's marketing and advertising.

35.    Both Paramount and Defendants sell nuts which are marketed to the same demographic in essentially the same channels.

{053237.1}

36.    As a result of the advertising dollars spent by Paramount as well as the wide-ranging exposure of such advertising, the use of the WONDERFUL® Marks on nuts is widely recognized as an indicator of Paramount's high-quality nuts.

37.    Paramount has been careful, skilful, and diligent in conducting its business and maintaining uniform standards of high quality in its goods and services. As a result of these efforts, the WONDERFUL® Marks have acquired a public acceptance and reputation, thereby creating a very valuable public goodwill that inures to Paramount's benefit.

38.    Notwithstanding Paramount's rights in the WONDERFUL® Marks, and with notice of Paramount's rights, Defendants have in the past, and continue to, intentionally and wilfully advertise, distribute, and sell nut products which cause a likelihood of confusion and a likelihood of dilution, thereby infringing and diluting the WONDERFUL® Mark. Paramount has never authorized or consented to any such use by Defendants of the WONDERFUL® Marks.

## II.    DEFENDANTS' INFRINGING PRODUCT

39.    Walgreens' packaging for one of its private label pistachio products, the Walgreens Select Jumbo Pistachios, (the "Walgreens Packaging") is highly similar to the unique and distinctive WONDERFUL® Marks. Attached as Exhibit E is a printout of a photograph of the Walgreens Packaging as currently sold in commerce.

40.    The Walgreens Packaging infringes Paramount's rights in the WONDERFUL® Marks because Walgreens has copied the following features of the WONDERFUL® Marks:

a.    The Walgreens Packaging, like the WONDERFUL® Marks, is a predominantly black, glossy packaging;

b.    The Walgreens Packaging, like the WONDERFUL® Marks, is predominantly rectangular in shape;

/ / /

/ / /

{053237.1}

c.      The Walgreens Packaging, like the WONDERFUL® Marks, contains a curved shape design for a transparent portion, the transparency of which allows the product inside the packaging to be viewed by the consumer;

d.      The Walgreens Packaging, like the WONDERFUL® Marks, contains a curved shape design of the black portion of the package which is adjacent to the transparent portion;

e.      The Walgreens Packaging, like the WONDERFUL® Marks, contains the same unique green color of the font used with the word "PISTACHIOS";

f.      The Walgreens Packaging, like the WONDERFUL® Marks, contains a thin, all capital sans serif font for the word "PISTACHIOS";

g.      The Walgreens Packaging, like the WONDERFUL® Marks contains a yellow or gold colored font for the verbiage at the top of the package;

41.     The Walgreens Packaging, like the WONDERFUL® Marks contains a thin sans serif white font for verbiage immediately above and below the see-through curved portions.  Attached as Exhibit F is a printout of a photograph of the WONDERFUL® brand and Defendants' infringing product sold side-by-side at Walgreens.

42.     Once Paramount became aware of Defendants' use of the WONDERFUL® Marks, Paramount sent a cease and desist letter to Defendants and counsel for Paramount subsequently had several discussions with counsel for Defendants. However, the parties were unable to reach a resolution.

43.     Paramount is informed and believes, and based thereon alleges, that Walgreens is intentionally trading off the notoriety and success of Paramount's WONDERFUL® Marks and Paramount's extensive advertising campaigns, and is intentionally selling a competing nut product in packaging which is likely to cause confusion to consumers.

44.     Paramount is further informed and believes, and based thereon alleges, that as part of its sales distribution efforts in the United States, Walgreens has improperly,

/ / /

COMPLAINT

- 9 -

{053237.1}

and without authorization, willfully and knowingly infringed Paramount's inherently unique and distinctive packaging.

45.     Paramount is further informed and believes, and based thereon alleges, the goods offered for sale and sold by Walgreens are highly similar to those of Paramount (except, perhaps, in the level of quality), will be sold in the same stores, and sold to identical classes of consumers who purchase edible nuts with an identical level of sophistication and impulsivity.

46.     Paramount is further informed and believes, and based thereon alleges, the natural, probable and foreseeable result of the intentional, willful and wrongful conduct of Walgreens has been to deprive Paramount of business and goodwill, and to injure Paramount's relationships with existing and prospective customers.

47.     Further, Paramount is informed and believes, and based thereon alleges, that Walgreens uses the inherently unique and distinctive WONDERFUL® Marks in commerce so as to cause a likelihood of confusion between Walgreens' infringing product and Paramount's product, or to cause mistake, or to deceive the relevant public that Walgreens' pistachios are authorized, sponsored or approved by or are affiliated with Paramount and the WONDERFUL® brand.  Paramount is further informed and believes, and based thereon alleges, that by intentionally misappropriating the distinctive WONDERFUL® Packaging design, Walgreens is currently causing customer confusion in the marketplace.

48.     Walgreens infringes and dilutes the WONDERFUL® Marks by causing a likelihood of confusion with the WONDERFUL® brand and by causing a likelihood of dilution of the WONDERFUL® brand.

49.     Paramount is further informed and believes, and based thereon alleges, that it has lost or will lose revenues from the sale of the inherently distinctive packaged pistachios, and has sustained and will sustain damages as a result of Walgreens' wrongful conduct in selling, marketing and distributing the offending Walgreens infringing product.

{053237.1}

50.   Paramount is further informed and believes, and based thereon alleges, that Walgreens has been unjustly enriched by its sale and marketing of the infringing products.

**FIRST CLAIM FOR RELIEF**

(Trademark Infringement Pursuant to 15 U.S.C. § 1114)

51.   Paramount incorporates by reference Paragraphs 1 through 50 above as though fully set forth herein.

52.   Walgreens' imitation, copying, and unauthorized use in commerce of Paramount's unique and distinctive packaging design is likely to cause confusion, mistake, or to deceive the consuming public and trade by creating the erroneous impression that the Walgreens product has been manufactured, approved, sponsored, endorsed, or guaranteed by, or is in some way affiliated with Paramount.

53.   The imitation, copying, and unauthorized use of the WONDERFUL® Marks causes irreparable injury to Paramount, including injury to its business reputation and the goodwill associated with the WONDERFUL® Marks.

54.   By reason of the foregoing, Walgreens has infringed Paramount's trademarks and has violated, and is continuing to violate, 15 U.S.C. Section 1114.

55.   Paramount has no adequate remedy at law for these injuries.  Moreover, unless Walgreens is restrained by this Court from continuing this imitation, copying and unauthorized use of the unique and distinctive WONDERFUL® Marks, these injuries will continue to occur.  Paramount is entitled to an injunction restraining Walgreens, its officers, agents, distributors and employees, and all persons acting in concert with them, from engaging in such further acts in violation of 15 U.S.C. Section 1116.

56.   By reason of Walgreens' willful acts of trademark infringement, Paramount is entitled to damages and that those damages should be trebled pursuant to 15 U.S.C. Section 1117.

57.   This is an exceptional case making Paramount eligible for an award of attorney fees under 15 U.S.C. Section 1117.

{053237.1}

58.    Paramount is further entitled to recover from Walgreens the damages it has sustained and will sustain, and any gains, profits and advantages unfairly obtained by Walgreens as a result of Walgreens' acts of infringement alleged above.  At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Paramount.

## SECOND CLAIM FOR RELIEF

(Trademark Infringement and False Designation of Origin

Pursuant to 15 U.S.C. § 1125(a))

59.    Paramount incorporates by reference Paragraphs 1 through 58 above as though fully set forth herein.

60.    Use of the infringing trademark by Walgreens has confused and is likely to continue to cause confusion or to cause mistake, or to deceive the consuming public into believing that the Walgreens product is are authorized, sponsored or approved by or are affiliated with Paramount and the WONDERFUL® brand.

61.    These acts constitute trademark infringement of the WONDERFUL® Marks and false designation of origin in violation of 15 U.S.C. Section 1125(a), entitling Paramount to relief.

62.    By reason of these acts by Walgreens, Paramount is, and will continue to be, irreparably harmed if Walgreens is not enjoined.  Paramount's remedy at law is not adequate to compensate it for the injuries inflicted, and Paramount is therefore entitled to entry of injunctive relief pursuant to 15 U.S.C. Section 1116.

63.    The above-described acts of Walgreens have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public, which has an interest in being free from confusion, mistake and deception.

64.    Walgreens has unfairly profited from the actions alleged and Paramount is therefore entitled to recover from Walgreens the damages sustained as a result of acts by Walgreens in violation of 15 U.S.C. Section 1125(a).  Paramount is at present unable to ascertain the full extent of the monetary damages suffered by reason of Walgreens' acts.

{053237.1}

65.    Further, because of the willful nature of these acts by Walgreens, Paramount is entitled to damages, and that those damages should be trebled pursuant to 15 U.S.C. Section 1117.

66.    This is an exceptional case making Paramount eligible for an award of attorney fees pursuant to 15 U.S.C. Section 1117.

## THIRD CLAIM FOR RELIEF

(Trade Dress Infringement and False Designation of Origin

Pursuant to 15 U.S.C. § 1125(a))

67.    Paramount incorporates Paragraphs 1 through 66 above as though set forth fully herein.

68.    Paramount has used an inherently distinctive product design in interstate commerce in connection with the sale and marketing of WONDERFUL® brand of pistachios.  The WONDERFUL® Marks contain inherently distinctive, nonfunctional features which are protected under Lanham Act Section 43(a), 15 U.S.C. Section 1125(a).

69.    Walgreens Packaging is infringing, and Walgreens is falsely designating the origin of its pistachios, because it uses and infringes on the following WONDERFUL® brand features:

a.    The Walgreens Packaging, like the WONDERFUL® Marks, is a predominantly black, glossy packaging;

b.    The Walgreens Packaging, like the WONDERFUL® Marks, is predominantly rectangular in shape;

c.    The Walgreens Packaging, like the WONDERFUL® Marks, contains a curved shape design for a transparent portion, the transparency of which allows the product inside the packaging to be viewed by the consumer;

d.    The Walgreens Packaging, like the WONDERFUL® Marks, contains a curved shape design of the black portion of the package which is adjacent to the transparent portion;

{053237.1}

e.      The Walgreens Packaging, like the WONDERFUL® Marks, contains a unique green color of the font used for the word "PISTACHIOS";

f.      The Walgreens Packaging, like the WONDERFUL® Marks, contains a thin, all serif font and all capital letters for the word "PISTACHIOS";

g.      The Walgreens Packaging, like the WONDERFUL® Marks contains a yellow or gold colored font for verbiage at the top of the package;

h.      The Walgreens Packaging, like the WONDERFUL® Marks contains a thin sans serif white font for verbiage immediately above and below the see-through curved portions.

70.     Walgreens' use of the infringing trade dress has confused the public, and is likely to continue to cause confusion or to cause mistake, or to deceive the consuming public into believing that Walgreens' pistachios are authorized, sponsored or approved by or are affiliated with Paramount.

71.     These acts constitute trade dress infringement of the WONDERFUL® Trade Dress and WONDERFUL® Marks, and false designation of origin in violation of 15 U.S.C. Section 1125(a), entitling Paramount to relief.

72.     By reason of these acts by Walgreens, Paramount is, and will continue to be, irreparably harmed if Walgreens is not enjoined from its infringing acts. Paramount's remedy at law is not adequate to compensate it for the injuries inflicted, and Paramount is therefore entitled to entry of injunctive relieve pursuant to 15 U.S.C. Section 1116.

73.     Walgreens has unfairly profited from the actions alleged, and Paramount is therefore entitled to recover from Walgreens the damages sustained as a result of Walgreens' acts in violation of 15 U.S.C. Section 1125(a).  Paramount is at present unable to ascertain the full extent of the monetary damages suffered by reason of Walgreens' acts.

/ / /

/ / /

{053237.1}

74.     Further, because of the willful nature of the acts by Walgreens, Paramount is entitled to damages, and that those damages be trebled pursuant to 15 U.S.C. Section 1117.

75.     This is an exceptional case making Paramount eligible for an award of attorneys' fees pursuant to 15 U.S.C. Section 1117.

**FOURTH CLAIM FOR RELIEF**

(Federal Trademark Dilution Pursuant to 15 U.S.C. § 1125(c))

76.     Paramount incorporates Paragraphs 1 through 75 above as though set forth fully herein.

77.     The WONDERFUL® Marks are inherently distinctive and famous under 15 U.S.C. Section 1125(c).

78.     Walgreens' use of Paramount's inherently distinctive and famous WONDERFUL® Marks in commerce began after the Paramount marks became famous.

79.     Walgreens' conduct causes and will continue to cause dilution of the distinctive quality of the famous WONDERFUL® Marks.

80.     Walgreens' conduct is the result of willful and wanton disregard of Paramount's established and superior rights.  Walgreens adopted, used and continues to use Paramount's trademarks, despite having been put on notice and with full knowledge of Paramount's superior rights, and without authorization.  Paramount has suffered, and will continue to suffer, irreparable injury as a result of Walgreens' unlawful actions and has no adequate remedy at law.

81.     By reason of Walgreens' acts, Paramount is, and will continue to be, irreparably harmed if Walgreens is not enjoined.  Paramount's remedy at law is not adequate to compensate it for the injuries inflicted, and Paramount is therefore entitled to entry of injunctive relief pursuant to 15 U.S.C. Section 1125(c).

82.     Walgreens has unfairly profited from the actions alleged, and Paramount is therefore entitled to recover from Walgreens the damages sustained as a result of

Walgreens' acts in violation of 15 U.S.C. Section 1125(c). Paramount is at present unable to ascertain the full extent of the monetary damages suffered by reason of Walgreens' acts, but Paramount is informed and believes, and based thereon alleges, that it has sustained damages.

83.    Further, because of the willful nature of Walgreens' acts, Paramount is entitled to damages, and that those damages should be trebled pursuant to 15 U.S.C. Sections 1125(c) and 1117.

84.    This is an exceptional case making Paramount eligible for an award of attorney fees pursuant to 1555 U.S.C. Sections 1125(c) and 1117.

## FIFTH CLAIM FOR RELIEF

(Violation of California Unfair Competition Pursuant to

Cal. Bus. & Prof. Code Sections 17200, 17500 et seq.)

85.    Paramount incorporates by reference Paragraphs 1 through 84 above as though fully set forth herein.

86.    Paramount is informed and believes that Walgreens is in direct competition with Paramount.

87.    Walgreens' willful, knowing and unauthorized promotion, advertisement, sale and offering for sale of infringing goods, causing confusion as to the source of the goods and causing harm to Paramount's goodwill, consist of untrue and misleading statements and constitute an unlawful appropriation of Paramount's exclusive rights in its trademarks.

88.    By selling and offering for sale, infringing goods and services, Walgreens is in violation of Paramount's proprietary rights thereby constituting unfair competition as such acts constitute unlawful, unfair, deceptive and/or fraudulent trade practices and unfair competition in violation of California Business & Professions Code Sections 17200, 17500 et seq. The predicate acts comprising Walgreens' unlawful, unfair, deceptive and/or fraudulent trade practices or acts include, but are not limited to, the violations of law more fully set forth herein.

{053237.1}

89.   As a direct and proximate result of Walgreens' wrongful conduct, Paramount has suffered injury in fact, which includes a loss of sales, damage to Paramount's goodwill with its existing, former and potential customers, and actual confusion between Walgreens' infringing products and Paramount's products.

90.   These wrongful acts have proximately caused and will continue to cause Paramount substantial injury, including loss of customers, dilution of goodwill, confusion of existing and potential customers, injury to reputation, and diminution of the value of Paramount's products, the WONDERFUL® Marks, and the goodwill associate therewith.  The harm these wrongful acts will cause to Paramount is both imminent and irreparable, and the amount of damage sustained by Paramount will be impossible to ascertain if these acts continue.  As such, Paramount has no adequate remedy at law.

91.   Pursuant to California Business & Professions Code Section 17203, Walgreens is required to disgorge and restore to Paramount all profits and property acquired by means of Walgreens unfair competition with Paramount.

92.   Pursuant to California Business & Professions Code Section 17203, Paramount is also entitled to a preliminary and permanent injunction restraining Walgreens, its respective officers, agents, employees, distributors and all persons acting in concert with them, from engaging in further such unlawful conduct.

## SIXTH CLAIM FOR RELIEF

(Violation of California Common Law Unfair Competition)

93.   Paramount incorporates Paragraphs 1 through 92 above as though set forth fully herein.

94.   As set forth above, Walgreens is a competitor of Paramount, and Walgreens' conduct constitutes unfair competition under California common law.

95.   By reason of Walgreens' conduct, Paramount has sustained and will continue to sustain, substantial injury, loss and damage, as set forth above.

/ / /

{053237.1}

96.     Further irreparable harm and injury to Paramount is imminent as a result of Walgreens' conduct, and Paramount is without an adequate remedy at law.

97.     Paramount is therefore entitled to an injunction restraining Walgreens, its agents, employees, representatives, distributors and all persons acting in concert with them, from engaging in further acts of unfair competition.

98.     Paramount is further entitled to recover from Walgreens the damages sustained by Paramount as a result of Walgreens' acts of unfair competition. Paramount is at present unable to ascertain the full extent of the monetary damages it has suffered by reason of Walgreens' acts of unfair competition, but Paramount is informed and believes, and based thereon alleges, that it has sustained damages.

99.     Finally, Paramount is informed and believes, and based thereon alleges, that Walgreens' conduct has been intentional and willful and in conscious disregard of Paramount's rights and, therefore, Paramount is entitled to exemplary or punitive damages under California Civil Code Section 3294 in an amount appropriate to punish Walgreens and to make an example of Walgreens to the community at large.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.     That the Court enter judgment against each Defendant that:

a.     Defendants infringed the rights of Plaintiffs in its federally registered trademark in violation of 15 U.S.C. Section 1114;

b.     Defendants infringed the rights of Plaintiffs in the Paramount trademarks in violation of 15 U.S.C. Section 1125;

c.     Defendants infringed the rights of Plaintiffs in the WONDERFUL® Marks and WONDERFUL® Trade Dress in violation of 15 U.S.C. Section 1125;

d.     Defendants diluted the trademarks of Plaintiffs in violation of 15 U.S.C. Section 1125;

/ / /

/ / /

{053237.1}

e.      Defendants engaged in unfair competition and deceptive acts and practices in violation of California Business & Professions Code Sections 17200, 17500, et seq.; and

f.      Defendants engaged in unfair competition and deceptive acts and practices in violation of California common law.

2.      That the Court enter judgment against each Defendant that the above acts, 1(a)-(f), were willful and intentional making this an exceptional case.

3.      That the Court issue a preliminary and permanent injunction enjoining and restraining Defendants and their agents, servants, employees, successors, assigns and all other persons acting in concert or in conspiracy with or affiliated with Defendants from:

a.      Engaging in any infringing activity including advertising, promoting, marketing, franchising, distributing, selling, and offering for sale, any goods or services in connection with the infringing marks identified herein or any mark similar to Plaintiffs' marks; and

b.      Requiring Defendants to deliver up to Plaintiffs for destruction any and all packaging, advertising and promotional materials in Defendants' possession, custody or control, which contain the infringing marks.

4.      That Plaintiffs be awarded damages for Defendants' trademark infringement, for Defendants' trademark dilution, and for unfair competition under the Lanham Act, as well as for unfair competition under California common law.

5.      That Plaintiffs be awarded all profits resulting from Defendants' infringement or dilution of Plaintiffs' rights and by means of Defendants' unfair competition with Plaintiffs.

6.      That Defendants be ordered to account for and disgorge to Plaintiffs all amounts by which Defendants have been unjustly enriched by reason of the unlawful acts complained of.

7.      That Plaintiffs be awarded damages resulting from Defendants' infringement in accordance with the provisions of 15 U.S.C. Section 1117.

{053237.1}

8.     That  damages  resulting  from  Defendants'  infringement  and  unfair competition  under  the  Lanham  Act  be  trebled  due  to  Defendants'  willfulness,  in accordance with the provisions of 15 U.S.C. Section 1117.

9.     That Plaintiffs be awarded exemplary or punitive damages in an amount appropriate to punish Defendants and to make an example of the Defendants to the community.

10.    That Plaintiffs be awarded an amount sufficient to reimburse Plaintiffs for the costs of corrective advertising.

11.    For  pre-judgment  interest  on  all  infringement  and  other  appropriate damages.

12.    That  the  Court  finds  this  case  to  be  exceptional  and  award  Plaintiffs reasonable attorney fees pursuant to 15 U.S.C. Section 1117, California law, and any other applicable provision of law.

13.    That the Court awards Plaintiffs its costs of suit incurred herein.

14.    For such other or further relief as the Court may deem just and proper.

Dated: July 1, 2011                         ROLL LAW GROUP, P.C.


By:  _Danielle M. Criona_
CHRISTOPHER VAN GUNDY
DANIELLE M. CRIONA
MICHAEL M. VASSEGHI
*Attorneys for Plaintiffs*
Paramount Farms International, LLC and
Cal Pure Pistachios, Inc.

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiffs hereby demand a jury trial in connection with this action.

3

4

Dated:  July 1, 2011                                    ROLL LAW GROUP, P.C.

5

6

                                                        By: _____
7                                                           CHRISTOPHER VAN GUNDY
                                                            DANIELLE M. CRIONA
8                                                           MICHAEL M. VASSEGHI
                                                            *Attorneys for Plaintiffs*
9                                                           Paramount Farms International, LLC and
                                                            Cal Pure Pistachios, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A



# Exhibit B



**United States Patent and Trademark Office**

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

**Trademarks > Trademark Electronic Search System (TESS)**

*TESS was last updated on Thu Jun 30 04:35:46 EDT 2011*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout  Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status |

*( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | WONDERFUL PISTACHIOS |
| **Goods and Services** | IC 029. US 046. G & S: Processed nuts. FIRST USE: 20090921. FIRST USE IN COMMERCE: 20090921 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 05.07.05 - Nuts (edible), With shells<br>26.11.21 - Rectangles that are completely or partially shaded |
| **Trademark Search Facility Classification Code** | SHAPES-BAR-BANDS Designs with bar, bands or lines<br>SHAPES-GEOMETRIC Geometric figures and solids including squares, rectangles, quadrilaterals and polygons<br>SHAPES-HEARTS Heart shaped design |
| **Serial Number** | 77855518 |
| **Filing Date** | October 22, 2009 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | September 14, 2010 |
| **Registration Number** | 3882294 |
| **Registration Date** | November 30, 2010 |
| **Owner** | (REGISTRANT) Paramount Farms, Inc. CORPORATION DELAWARE 11444 W. Olympic Blvd., 10th Floor Los Angeles CALIFORNIA 90064 |
| **Assignment** | ASSIGNMENT RECORDED |

| | |
|---|---|
| **Recorded** | |
| **Attorney of Record** | Danielle Criona, Esq. |
| **Prior Registrations** | 3443097;3463342 |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PISTACHIOS" APART FROM THE MARK AS SHOWN |
| **Description of Mark** | Color is not claimed as a feature of the mark. The mark consists of product packaging for the goods having a rectangular shape with semi-circular curved sides. The word "WONDERFUL" with a design of a "heart" in place of the letter "o" appears across the top of the packaging and the word "PISTACHIOS" appears vertically in the middle of the packaging. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |



| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

**Thank you for your request. Here are the latest results from the TARR web server.**

**This page was generated by the TARR system on** 2011-06-30 13:43:31 ET

**Serial Number:** 77855518 Assignment Information          Trademark Document Retrieval

**Registration Number:** 3882294

**Mark**



**(words only):** WONDERFUL PISTACHIOS

**Standard Character claim:** No

**Current Status:** Registered. The registration date is used to determine when post-registration maintenance documents are due.

**Date of Status:** 2010-11-30

**Filing Date:** 2009-10-22

**Transformed into a National Application:** No

**Registration Date:** 2010-11-30

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 117

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at TrademarkAssistanceCenter@uspto.gov**

**Current Location:** 650 -Publication And Issue Section

**Date In Location:** 2010-11-30

---

### LAST APPLICANT(S)/OWNER(S) OF RECORD

1. Paramount Farms, Inc.

**Address:**
Paramount Farms, Inc.
11444 W. Olympic Blvd., 10th Floor
Los Angeles, CA 90064
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Delaware
**Phone Number:** 310-966-5726
**Fax Number:** 310-966-5758

---

## GOODS AND/OR SERVICES

**International Class:** 029
**Class Status:** Active
Processed nuts
**Basis:** 1(a)
**First Use Date:** 2009-09-21
**First Use in Commerce Date:** 2009-09-21

---

## ADDITIONAL INFORMATION

**Color(s) Claimed:** Color is not claimed as a feature of the mark.

**Disclaimer:** "PISTACHIOS"

**Description of Mark:** The mark consists of product packaging for the goods having a rectangular shape with semi-circular curved sides. The word "WONDERFUL" with a design of a "heart" in place of the letter "o" appears across the top of the packaging and the word "PISTACHIOS" appears vertically in the middle of the packaging.

**Design Search Code(s):**
**05.07.05** - Nuts (edible), With shells
**26.11.21** - Rectangles that are completely or partially shaded

**Prior Registration Number(s):**
3443097
3463342

---

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

---

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2011-03-10 - Assignment Of Ownership Not Updated Automatically

2010-11-30 - Registered - Principal Register

2010-09-14 - Published for opposition

2010-08-25 - Notice of publication

2010-08-12 - Law Office Publication Review Completed

2010-08-12 - Assigned To LIE

2010-07-27 - Approved for Pub - Principal Register (Initial exam)

2010-07-09 - Teas/Email Correspondence Entered

2010-07-08 - Communication received from applicant

2010-07-08 - TEAS Response to Office Action Received

2010-07-08 - Attorney Revoked And/Or Appointed

2010-07-08 - TEAS Revoke/Appoint Attorney Received

2010-01-13 - Non-final action mailed

2010-01-12 - Non-Final Action Written

2009-12-30 - Non-final action mailed

2009-12-29 - Non-Final Action Written

2009-12-22 - Assigned To Examiner

2009-10-29 - Notice Of Design Search Code Mailed

2009-10-28 - New Application Office Supplied Data Entered In Tram

2009-10-26 - New Application Entered In Tram

---

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
Danielle Criona, Esq.

**Correspondent**
LaTunda Powell, Trademark Administrator
Roll Law Group PC
11444 W. Olympic Blvd.
Los Angeles CA 90064

Phone Number: 310-966-5726
Fax Number: 310-966-5758

# Exhibit C

USPTO Assignments on the Web                                                    Page 1 of 1

 **United States Patent and Trademark Office** 

Home|Site Index|Search|Guides|Contacts|eBusiness|eBiz alerts|News|Help

**Assignments on the Web > <u>Trademark Query</u>**

# Trademark Assignment Abstract of Title

**Total Assignments: 2**

| | | | |
|---|---|---|---|
| **Serial #:** 77855518 | **Filing Dt:** 10/22/2009 | **Reg #:** 3882294 | **Reg. Dt:** 11/30/2010 |

**Registrant:** Paramount Farms, Inc.

**Mark:** WONDERFUL PISTACHIOS

**Assignment: 1**

| **Reel/Frame:** 4489/0071 | **Received:** 03/02/2011 | **Recorded:** 03/02/2011 | **Pages:** 4 |
|---|---|---|---|

**Conveyance:** CONVERSION

**Assignor:** PARAMOUNT FARMS, INC.

              **Exec Dt:** 12/21/2010
      **Entity Type:** INC. ASSOCIATION
      **Citizenship:** DELAWARE

**Assignee:** NEW PFI LLC
      11444 W. OLYMPIC BLVD., 10TH FLOOR
      LOS ANGELES, CALIFORNIA 90064

      **Entity Type:** LIMITED LIABILITY COMPANY
      **Citizenship:** DELAWARE

**Correspondent:** LATUNDA POWELL, TRADEMARK ADMINISTRATOR
      11444 W. OLYMPIC BLVD. 10TH FLOOR
      LOS ANGELES, CA 90064

**Assignment: 2**

| **Reel/Frame:** 4489/0140 | **Received:** 03/02/2011 | **Recorded:** 03/02/2011 | **Pages:** 5 |
|---|---|---|---|

**Conveyance:** MERGER

**Assignor:** NEW PFI LLC

              **Exec Dt:** 12/21/2010
      **Entity Type:** LIMITED LIABILITY COMPANY
      **Citizenship:** DELAWARE

**Assignee:** PARAMOUNT FARMS INTERNATIONAL LLC
      11444 W. OLYMPIC BLVD., 10TH FLOOR
      LOS ANGELES, CALIFORNIA 90064

      **Entity Type:** LIMITED LIABILITY COMPANY
      **Citizenship:** DELAWARE

**Correspondent:** LATUNDA POWELL, TRADEMARK ADMINISTRATOR
      11444 W. OLYMPIC BLVD., 10TH FLOOR
      LOS ANGELES, CA 90069

Search Results as of: 06/30/2011 02:30 PM

If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350. v.2.1
Web interface last modified: Apr 30, 2009 v.2.1

**| .HOME | INDEX| SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT**

# Exhibit D











37



















# Exhibit E



# Exhibit F



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV11- 5501 PA (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X]** **Western Division** | **[ ]** **Southern Division** | **[ ]** **Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

CENTRAL                        District of  CALIFORNIA

PARAMOUNT FARMS INTERNATIONAL LLC, a Delaware
limited liability company; CAL PURE PISTACHIOS,
INC., a California Nonprofit Cooperative Association,

*Plaintiff*

v.

WALGREEN CO., an Illinois corporation
*and Does 1 through 10 inclusive*

*Defendant*

)
)
)
)
)
)
)
)
)

CV11-05501PA(SSx)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
WALGREEN CO.
2730 Gateway Oaks Drive, Suite 100
Sacramento, CA  95833
Agent for Service of Process:  The Prentice-Hall Corporation System, Inc.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

DANIELLE M. CRIONA
dcriona@roll.com
ROLL LAW GROUP P.C.
11444 West Olympic Blvd., 7th Fl.
Los Angeles, CA  90064
310-966-8400

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: July 1, 2011

*Signature of Clerk or Deputy Clerk*

AO-440

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐ ) | **DEFENDANTS** |
|---|---|
| PARAMOUNT FARMS INTERNATIONAL LLC, a Delaware limited liability company; CAL PURE PISTACHIOS, INC., a California Nonprofit Cooperative Association | WALGREEN CO., an Illinois corporation |

| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| MICHAEL M. VASSEGHI (SBN 210737)<br>mvasseghi@roll.com<br>ROLL LAW GROUP P.C.<br>11444 West Olympic Blvd., 7th Floor<br>Los Angeles, CA  90064<br>310-966-8400 | |

**II.   BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.   ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V.   REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No      ☒ **MONEY DEMANDED IN COMPLAINT: $** to be determined at trial

**VI.   CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Federal Trademark and Trade Dress Infringement; Violation of the Lanham Act Section 43(a); Federal Trademark Dilution; Unfair Competition Under California Business & Professions Code Section 17200 et seq.; California Common Law Unfair Competition

**VII.   NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty<br>☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment<br>☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | | FEDERAL TAX SUITS |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land<br>☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CCD-JS44

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**VIII(a).   IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   [X] No   [ ] Yes

If yes, list case number(s): _____

**VIII(b).   RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   [X] No   [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [ ]   A. Arise from the same or closely related transactions, happenings, or events; or

[ ]   B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]   C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]   D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX.   VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ]   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ]   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Illinois |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

**X.   SIGNATURE OF ATTORNEY (OR PRO PER):** _/s/ M. Vasseghi_   Date _July 1, 2011_

Michael M. Vasseghi

**Notice to Counsel/Parties:**   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |